[829 NYS2d 291]

In the Matter of GARRY KING, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 17, 2006

174

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*T. Alan Bronw*, Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988, and formerly maintained an office for the practice of law in Buffalo. By order entered December 12, 2005 (24 AD3d 1324 [2005]), this Court granted the motion of petitioner pursuant to 22 NYCRR 1022.20 (e) to suspend respondent as an immediate threat to the public interest on the ground that he had failed to appear as directed by petitioner for an examination under oath and had failed to respond to a subpoena issued by the Clerk of this Court. Petitioner thereafter filed a petition charging respondent with acts of misconduct including conversion of client funds and neglect of client matters. Respondent filed an answer admitting certain material allegations of the petition, and outstanding issues of fact were resolved by stipulation. Respondent appeared before this Court and submitted matters in mitigation.

Respondent failed to deposit into an attorney trust account filing fees accepted on behalf of clients, failed to complete legal matters on behalf of clients, failed to return funds to clients in a prompt manner as requested by the clients and failed to execute written retainer agreements with matrimonial clients or provide to them itemized bills at regular intervals.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-101 (k); DR 2-102 (a) (22 NYCRR 1200.6 [k]; 1200.7 [a])—failing to include an office address in his firm letterhead and in advertisements for legal services;

DR 2-106 (c) (2) (ii) (22 NYCRR 1200.11 [c] [2] [ii])—entering into an arrangement for, charging or collecting a fee in a domes-

tic relations matter without a written retainer agreement signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling such funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay to the client in a prompt manner as requested by the client funds in his possession that the client is entitled to receive.

We have considered the matters submitted by respondent in mitigation, including that, when he entered private practice, he opened two bank accounts and erroneously believed that one of the accounts was an attorney trust account. When the bank subsequently withdrew funds from that account to rectify a shortage in the other account, client funds were depleted. Additionally, we have considered the previously unblemished record of respondent and his expression of extreme remorse for his misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of six months, effective immediately, and until further order of the Court. Respondent is directed to make restitution pursuant to the order entered herewith.

HURLBUTT, A.P.J., KEHOE, MARTOCHE and SMITH, JJ., concur.

Final order of suspension entered.